SMITH vs. MAXWELL.

LIPSCOMB C. J. not sitting.

S. & P.
1sp221
94    89

## SMITH *versus* MAXWELL.

It appearing, that improper testimony is admitted by a Court to go to a jury, the appellate Court will not presume the proof of circumstances, (not appearing in the bill of exceptions,) which would render such testimony legal. Held not error, that a counsel, with the assent of the Court, had a jury recalled, and an erroneous charge of such Court, in favor of such counsel retracted.

This was an action of assumpsit, tried in Morgan County Court.

The bill of exceptions, stated, that on the trial of the cause, the Court below permitted evidence to go to the jury, of the admission of defendant's wife that she had purchased a portion of the goods sued for. Also, that the Court, having given an erroneous charge to the jury, and the same being excepted to by plaintiff's counsel, the jury were recalled, and the charge retracted.

TAYLOR, J.—The assignment of errors in this case, refers exclusively to the bill of exceptions. From this, it appears that the Court below permitted proof to be made before the jury of admissions made

by the wife of Maxwell, of her having purchased some of the articles charged in the account, on which the suit was brought. It is admitted by the counsel for Smith, that this was contrary to the general rule of law, but it is contended that this Court will presume that proof had been made of the wife having acted as the agent of the husband, and if so, the decision below was correct. This would be a most strained presumption indeed. Evidence is received, which is contrary to the general rules of law; there may be circumstances, however, which if proved, would make that evidence admissible; can it be imagined that the Judge would have signed a bill of exceptions in which that evidence was not inserted? If he would, this Court can not supply the omission. From all that appears on the record, the Court erred in admitting this testimony.

It appears that the counsel for the plaintiff in error, excepted to a part of the instructions given by the Court, to the jury, but that after the exception was taken, and the jury had retired, they were recalled and told by the counsel for the defendant, with the assent of the Court, that the instruction was erroneous, and the law different. This is the same as if the Court itself had directed the jury to be recalled to the box, retracted an erroneous, and given a correct charge; therefore, in this, there was no error.

For the admission of the declarations of the wife, the judgment must be reversed, and the cause remanded.

CRENSHAW, J. not sitting.